THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FRANCISCO CORTÉS, Defendant and Appellant.

No. 10146.   Argued July 6, 1943.—Decided July 21, 1943.

*A. Reyes Delgado* and *P. Santos Borges* for appellant.   *R. A. Gómez, Prosecuting Attorney (Fiscal),* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

The defendant was accused of violating §260 of the Penal Code (p. 184, 1937 ed.) which reads, in its pertinent part, as follows:

". . . Any person who shall wilfully and lewdly commit any lewd or lascivious act, other than the acts constituting other crimes provided for in the Penal Code, upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or such child, shall be guilty of a felony and shall be imprisoned in the penitentiary not to exceed five years."

The defendant was convicted by a jury and sentenced to imprisonment of 2½ years. On appeal, he assigns as the only error that the evidence adduced by the Government established a crime other than that charged in the information —either rape, or assault with intent to commit rape—and that the lower court therefore erred in overruling his motion for a nonsuit at the close of the Government's case, in view of the provision of §260 restricting its application to acts other than those constituting other crimes under the Penal Code.

The testimony of the complaining witness was that in 1939, when she was ten years old, the defendant had acosted her in a cane field, and partially removing her clothes and his, "abused" her with his male organ, touching her private parts with it. She also asserted that he had introduced his penis into her genital organs, about one inch, causing her to bleed. There was certain corroborating testimony by the witness' sister and mother. However, a physician, who examined the girl immediately after the episode in question, gave as his opinion that there had been no penetration of the hymen. He found no evidence of a hemorrhage. He did find small bruises on the labia, which in his opinion were caused by an act of violence either with the penis or with a finger.

The district court instructed the jury as to the difference between the crime charged herein and rape (§255, Penal Code) or assault with intent to commit rape (§222, Penal Code). The jury could reasonably gather from his instructions, to which the defendant made no objection, that if it found from the evidence that either of these crimes had been committed, the defendant could not be convicted of a violation of §260. In the light of these instructions, the jury must have believed the doctor's testimony that there had been no penetration, and that the defendant had therefore not raped the girl. Similarly, the jury must have found that, although he had committed lewd acts, the defendant had not assaulted the complaining witness with the requisite intent to commit rape. Under those circumstances, the jury was free to find the defendant guilty of a violation of §260. We shall therefore let its verdict to that effect stand.

The judgment of the district court will be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Travieso did not participate herein.